# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Civil No. 09-1248 (RHK/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Mark S. Shaw,** **Julie K. Shaw,** **Innovative Stucco, Inc.,** **North American State Bank,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This litigation came before the undersigned for a hearing on December 11, 2009 on a motion, by the Government, to strike a jury demand (Doc. No. 12). Daniel A. Applegate, Esq., appeared on behalf of the Government. None of the defendants appeared at the hearing.

In this matter, the Government brings suit to recover unpaid taxes and to foreclose a tax lien against real property. The defendants are the taxpayers, Mark and Julie Shaw (the Shaws), and two other entities with alleged interests in the realty.

This suit began when the Government filed its complaint on May 28, 2009. The Shaws, proceeding pro se, answered through a document captioned as a "response" on August 24, 2009. The parties subsequently prepared a Rule 26(f) report that was filed on September 11, 2009. In this report, the Shaws assert that they are entitled to a jury trial in this litigation.

The Government now moves to strike any purported jury demand by the Shaws, or in the alternative, for a determination that the Shaws are not entitled to jury trial in connection with the lien foreclosure. The record establishes that the Shaws were properly served with this motion,

but they did not file a response and they have yet to do so.  For this reason, the Government's motion is unopposed.

This Court initially observes that, under 28 U.S.C. § 636(b), a magistrate usually can only issue rulings on nondispositive pretrial matters.  Because the availability of a jury trial implicates trial administration, the Government's motion arguably should be decided by the District Judge.  With all due caution, this Court elects to address the Government's motion through a report.  *Cf. Bonney v. Canadian Nat'l Rwy. Co.*, 100 F.R.D. 388, 389 (D.Me. 1983) (reviewing a magistrate judge's order on whether jury trial was properly demanded).

The chief issue here is whether the Shaws properly demanded a jury trial.  Rule 38(b)(1) provides that a party may demand jury trial "no later than 10 days after the last pleading directed to the issue is served."  Pursuant to this rule, a plaintiff must demand a jury trial no later than ten days after filing a complaint, and a defendant must do so no later than ten days after filing an answer.  *See, e.g., Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999); *King v. Patterson*, 999 F.2d 351, 353 (8th Cir. 1993).

Rule 38(d) further provides that a party "waives a jury trial unless its demand is properly filed and served."  And the Eighth Circuit applies waiver stringently in this context, holding that any untimely demand is a waiver, "even though it was inadvertent, unintended and regardless of the explanation or excuse."  *Scharnhorst v. Indep. Sch. Dist. No. 710*, 686 F.2d 637, 641 (8th Cir. 1982) (quoting 9 Charles A. Wright & Arthur S. Miller, *Federal Practice and Procedure* Civil § 2321 (1st ed. 1971)); *see also King*, 999 F.2d at 353 (summarily rejecting late jury demand); *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (similar).

The Shaws' August 24 response is, for all practical purposes, their responsive pleading.  As a consequence, the ten-day period for making a jury demand ran from that date.  The Shaws

did not file their demand for jury trial during this period.  More significantly, they do not oppose the Government's motion, and thus they make no effort to preserve their purported right to jury trial.  Being advised of the files, records, and proceedings, **IT IS HEREBY RECOMMENDED THAT** the Government's motion to strike the jury demand (Doc. No. 12) be **GRANTED.**

Dated this 14th day of December, 2009.              s/ *Jeanne J. Graham*

                                                                                    JEANNE J. GRAHAM
                                                                                    United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **December 29, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.